UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEONG WOOK KIM, | Case No.: 1:13-cv-01655-LJO-MJS (PC) |
| Plaintiff, | ORDER DISMISSING PLAINTIFF'S ACTION |
| v. | (ECF No. 4) |
| SIX UNKNOWN NAMES AGENTS, et al., | CLERK SHALL CLOSE CASE |
| Defendants. | |

On October 11, 2013, Plaintiff filed what was construed as a civil rights Complaint pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. (Compl., ECF No. 1.)  In addition to failing to set forth any intelligible claim for relief, the Complaint was unsigned.

On October 22, 2013, the Court ordered Plaintiff's Complaint to be stricken from the record for its lack of a signature and Plaintiff to file a signed complaint within thirty days from service of the order.  (ECF No. 4.)  Plaintiff was informed that failure to comply with the order would result in dismissal of the action.  (Id.)  This deadline has passed without a response from Plaintiff.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their

1

dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a Court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. The third factor, risk of prejudice to the defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The Court's order expressly stated: "The failure to comply with this order will result in dismissal of this action." (ECF No. 4.) Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's action is DISMISSED; and
2. Clerk shall CLOSE the case.

IT IS SO ORDERED.

Dated:   **December 2, 2013**                    **/s/ Lawrence J. O'Neill**
                                                 UNITED STATES DISTRICT JUDGE